**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| EDWARD LENTZ, on Behalf of Himself and All Other Employees Similarly Situated | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | Civil Action No. 5-06CV0285-C ECF |
| SPANKY'S RESTAURANT II, INC. d/b/a DOUBLE NICKEL STEAKHOUSE | § § § § | |
| Defendant. | § | Collective Action |

**PLAINTIFF'S UNOPPOSED MOTION FOR
NOTICE TO POTENTIAL CLASS MEMBERS**

Plaintiff Edward Lentz files his Unopposed Motion for Notice to Potential Class Members and would show as follows:

**A.  BACKGROUND**

1.     This is a collective action to recover unpaid wages brought under the Fair Labor Standards Act (FLSA).  29 U.S.C. § 201 *et seq.*  Defendants have been evading the FLSA's tip pool requirements by requiring waitstaff to unlawfully participate in a tip pool with employees who do not customarily and regularly receive tips.

2.     From September, 2005 to May, 2006, Plaintiff worked for Defendants Spanky's Restaurant II, Inc. d/b/a Double Nickel Steakhouse and Lady West Enterprises, Ltd., d/b/a Double Nickel Steakhouse (collectively referred to as "Double

Nickel") as a waiter.  *See* Affidavit of Edward Lentz, attached as Exhibit A and incorporated herein in its entirety by reference.  During Plaintiff's tenure with Defendants, he was paid $2.13 per hour plus tips from a tip pool.  *Id*.  Plaintiff is aware of many waitstaff at Double Nickel who were also required to include non-service personnel in their tip pools, including one individual who has already consented to join in this case.  *Id.*; Consent to Join, attached as Exhibit B.

3.     Defendants' actions violate the Fair Labor Standards Act tip pool requirements.  In order to inform the Potential Class Members of the pendency of this action, and their right to participate should they so desire, Plaintiff moves this Court to approve the issuance of the Notice attached hereto as Exhibit C.

## B. NATURE AND STAGE OF THIS PROCEEDING

4.     Defendant Spanky's Restaurant II, Inc. d/b/a Double Nickel Steakhouse has been notified of the suit and summons has been served.  Defendants Lady West Enterprises, Ltd., d/b/a Double Nickel Steakhouse and Lisa B. West have recently been joined in this suit and service of the summons are pending.

## C. ISSUES TO BE RULED ON BY THIS COURT

*Issue # 1:   Are Plaintiffs entitled to the issuance of a court-approved notice to those employees who were improperly denied overtime wages?*

5.     The applicable standard of review for a court's decision on whether to issue notice to potential class members is abuse of discretion.  *Mooney v. Aramco Servs. Co.,* 54 F. 3d 1207, 1213-16 (5th Cir. 1995).

2

***Issue # 2:   Are Plaintiffs entitled to expedited discovery?***

6.      The applicable standard of review for expedited review and discovery is abuse of discretion.  *See In re Santa Fe Int'l Corp.,* 272 F.3d 705, n. 4 (5th Cir. 2001).

## D. ARGUMENT

### The FLSA Authorizes Collective Actions

7.      The FLSA provides that a "tipped employee" is "any employee engaged in an occupation in which he customarily and regularly receives more than $30.00 a month in tips." 29 U.S.C. § 203(t).  To determine the wage an employer is required to pay to a tipped employee, 29 U.S.C. Section 203(m) provides that the amount paid "shall be an amount equal to—

(1)     the cash wage paid such employee which for purposes of such determination shall not be less than the cash wage required to be paid such an employee on August 20, 1996; and

(2)     an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title [$5.15 per hour].

The additional amount on account of tips may not exceed the value of the tips actually received by an employee.  The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips."

Plaintiff is a tipped employee because he customarily and regularly received more

than $30.00 per month in tips.  *See* Exhibit A.  An employer may require tipped employees to participate in a "tip pool" as long as the tip pool complies with the FLSA and as long as the employer informs the employee of the FLSA's tip-pooling provisions.  *Bonham v. Copper Cellar Corp.*, 476 F.Supp. 98, 101, 24 WH Cases 404, 406 (E.D. Tenn. 1979).  To be eligible to participate in a tip pool, the employee must "customarily and regularly" receive tips, such as service bartenders and bussers.  *See* WH Admin. Op. (Sept. 5, 1978).  The Wage and Hour Division will not approve tip pools that include employees who do not customarily and regularly receive tips such as dishwashers, janitors, chefs, and washroom attendants.  *See* WH Admin. Op. (Mar. 26, 1976); *Marshall v. Krystal Co.*, 467 F.Supp. 9, 13, 23 WH Cases 874, 876 (E.D. Tenn. 1978); *Elkins v. Showcase, Inc.*, 704 P.2d 977, 989, 27 WH Cases 455, 459 (Kan. 1985).  Only tips actually received by an employee may be counted in determining if s/he is a "tipped employee."  WHI Admin. Op. (Nov. 22, 1978); *Barcellona v. Tiffany English Pub*, 597 F.2d 464, 466-67, 24 WH Cases 201, 202 (5th Cir. 1979).  An employer may require tipped employees to participate in a tip-pool as long as the tip pool complies with the FLSA and the employer informs the employee of the FLSA's tip-pooling provisions. See *Bonham v. Copper Cellar Corp.*, 476 F.Supp. 98, 101 24 WH Cases 404, 406 (E.D. Tenn. 1979). When an employer fails to properly inform employees of the FLSA's tip credit provisions and improperly includes employees in a tip pool that are not customarily and regularly tipped, the tipped employees are entitled to minimum wage.  *Bonham v. Copper Cellar Corp.*, 476 F.Supp. 98 (E.D. Tenn. 1979) (although waitresses were "tipped employees" for purposes of the Fair Labor Standards Act, employer was not entitled to any

credit, for minimum wage purposes, for waitresses' tips where waitresses were not informed of statutory tip credit provisions and where waitresses were required to pool their tips with employees who did not customarily and regularly receive tips.   Fair Labor Standards Act of 1938, § 3(m), (t); 29 U.S.C.A.§ 203 (m), (t).)   An employer who violates these requirements may be sued by the affected employee.   29 U.S.C. § 216(b). Where the employer's violations are alleged to be widespread, the FLSA affirmatively grants an aggrieved employee the right to bring an action "for and in behalf of himself...and other employees similarly situated."   *See* 29 U.S.C. § 216(b). Actions pursued in such a representative capacity are referred to as "collective actions."

8.      As discussed *infra*, a collective action has important procedural distinctions from a class action brought under Federal Rule of Civil Procedure 23. For example, unlike the traditional Rule 23 class action, "no employee shall be a party plaintiff to [a collective action] unless he gives his consent in writing...and such consent is filed in the court in which such action is brought."   29 U.S.C. § 216(b); *see also LaChapelle v. Owens-Illinois, Inc.,* 513 F. 2d 206 (5th Cir. 1975) (distinguishing the "opt in" collective action from the "opt out" Rule 23 class action).

9.      Accordingly, the "certification" of a collective action does not directly impact the rights of the class members.   Instead, certification of a collective action gives potential class members notice of the suit, and gives them the opportunity to protect their rights by filing their consent.   Nonetheless, most courts use "the

vernacular of the Rule 23 class action for simplification and ease of understanding

when discussing [a collective action]..." and Lentz will do so here.  *Kelly v. Alamo,*

964 F. 2d 747, n. 1 (8th Cir. 1992).

**Courts are Encouraged to Facilitate Collective Actions under the FLSA**

10.    In *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989), the United

States Supreme Court held courts have the discretion to implement the collective

action procedure by facilitating the issuance of notice to potential class members.

Commenting favorably upon collective actions, the Supreme Court noted:

> "A collective action allows...plaintiffs the advantage of lower individual
> costs to vindicate rights by the pooling of resources.  The judicial
> system benefits by efficient resolution in one proceeding of common
> issues of law and fact arising from the same alleged...activity.  These
> benefits, however, depend on employees receiving accurate and timely
> notice concerning the pendency of the collective action, so that they
> can make informed decisions about whether to participate."

*Sperling,* 493 U.S. at 170.  Courts in the Southern District of Texas agreed with this

logic even before *Sperling.*  See, e.g., *Riojas v. Seal Produce, Inc.,* 82. F.R.D. 613

(S. D. Tex. 1979).  For example, the court is *Riojas* noted that since the FLSA was

"meant to aid injured parties," it was "only sensible that procedures facilitating this

intent [such as providing notice to potential class members] would be favored."

*Riojas,* 82. F.R.D. at 619.

**Determining The Appropriate Approach**

11.    Although favored, the authorization of notice by this Court remains a

matter of discretion.  The Fifth Circuit has recognized two different procedures used

by courts in determining whether to exercise its discretion to facilitate notice. *Mooney v. Aramco Services,* Co., 54 F. 3d 1207, 1213 (5th Cir. 1995).

12.     The Majority approach is a "two-stage class certification," originally set out in *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D. N. J. 1987).  Under the *Lusardi* approach, "the trial court approaches the 'similarly situated' inquiry via a two-step analysis." *Mooney,* 54 F.3d at 1213.  The first determination is made at the "notice stage."  At the notice stage, "the district court makes a decision - usually based only on the pleadings and any affidavits which have been submitted - whether notice of the action should be given to potential class members." *Id.* At 1213-14.  "Because the court has minimal evidence, this determination is usually made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* at 1214.  "If the district court 'conditionally certifies' the class, potential class members are given notice and the opportunity to 'opt-in.'" *Id.*

13.     The second stage is generally precipitated if the defendant files a motion for "decertification" after discovery is largely complete.  *Id.*  If the additional claimants are similarly situated, the district court allows the representative action to proceed. *Villatoro v. Kim Son Restaurant, LP.,* 286 F. Supp.2d 807, 809 (S. D. Tex. 2003).  If the claimants are not similarly situated, the district court decertifies the class, and opt-in plaintiffs are dismissed without prejudice. *Id.*

14.     The second approach is typified by *Shushan v. University of Colorado,* 132 F.R.D. 263 (D. Colo. 1990).  This minority approach adopts the view that the

"similarly situated" inquiry is coextensive with Rule 23 class certification. Therefore, using this methodology, the court looks at numerosity, commonality, typicality and adequacy of representation to determine whether a class should be certified. *See Mooney,* 54 F.3d at 1214.

15.    The Fifth Circuit in *Mooney* found it unnecessary to decide which of the two methods was appropriate. However, in *LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286 (5th Cir. 1975), the Fifth Circuit found "a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b)" because Rule 23 provides for "opt-out" class actions and § 16(b) provides for "opt-into" class actions. *Id.* at 288. The Circuit stated "it is crystal clear that § 16(b) precludes pure Rule 23 class actions in FLSA suits." *Id.*; see also *Villatoro,* 286 F. Supp.2d 807, 809 - 810 (declining to utilize minority approach in FLSA collective action context).

16.    In addition, every court of appeal that has addressed the issue has held that the Rule 23 requirements do not apply to the § 16(b) collective action procedure. See *Theissen v. GE Capital Corp.,* 267 F.3d 1095, 1105 (10th Cir. 2001) (finding that the district court did not err in applying the "ad hoc" two-step approach); *Grayson v. Kmart Corp.,* 79 F.3d 1086, 1096 n. 12 (11th Cir. 1996) ("it is clear that the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under [Rule] 23"); *King v. GE Co.,* 960 F.2d 617, 621 (7th Cir. 1992) (stating that the § 216(b) procedure preempts the Rule 23 class

action procedure).

17.     Judge Atlas in *Villatoro* noted that "[t]he two-step process also has the advantage of informing the original parties and the court of the number and identity of persons desiring to participate in the suit.  With that information, analysis may be performed on the viability of the class and its representatives." *Villatoro,* 286 F. Supp.2d at 810.

### Similarly Situated?

18.     In determining whether there are other similarly situated individuals that justify notice, the Court must determine whether there are other employees "who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. Fla. Dept. of Corrections,* 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Villatoro,* 286 F. Supp.2d at 810.  Notice is appropriate when there is "a demonstrated similarity among the individual situations...some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]."  *Villatoro,* 286 F. Supp.2d at 807 (quoting *Crain v. Helmrich & Pain Int'l Drilling Co.,* 1992 WL 91946, at *2 (E. D. La. April 16, 1992)).  These cases also make clear that the "similarly situated" requirement is "considerably less stringent" than Rule 23's requirements.  *See, e.g., Grayson,* 79 F.3d at 1096.

19.     Thus, a court can foreclose a plaintiff's right to proceed collectively only if "the action relates to specific circumstances personal to the plaintiff rather than any

generally applicable policy or practice." *Crain,* 1992 WL 91946, at *2 (E. D. La. April 16, 1992); see also *Wyatt v. Pride Offshore, Inc.*, 1998 WL 509654 at *2 (E. D. La. Sept. 6, 1996).  To impose a strict standard of proof on Plaintiffs at the notice stage would unnecessarily hinder the development of collective actions and, thereby, serve to undermine the "broad remedial goals" of the FLSA.  *Garner,* 802 F.Supp.418, 422 (M. D. Ala. 1991); *Sperling v. Hoffman-LaRoche, Inc.,* 118 F.R.D. 392, 407 (D. N. J. 1988), *aff'd,* 862 F.2d 439 (3d Cir. 1988), *aff'd,* 493 U.S. 165 (1989) ("Notice to absent class members need not await conclusive finding of 'similar situations.'")

20.    Instead, the record need only be "sufficiently developed...to allow court-facilitated notice" based upon "substantial allegations," *Id.;* see also *Church v. Consolidated Freightways, Inc.,* 137 F.R.D. 294 (N. D. Cal. 1991), or "some factual support." *Belcher v. Shoney's Inc.,* 927 F.Supp. 249, 251 (M. D. Tenn. 1996). Accordingly, the court's decision is usually made "using a fairly lenient standard" and is "based only on the pleadings and any affidavits which have been submitted." *Mooney,* 54 F.3d at 1214.  This decision "typically results in 'conditional certification' of a representative class" and the issuance of a court approved notice.  *Id.*

21.    Allowing early notice and full participation by the opt-ins "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling,* 118 F.R.D. at 406.  Once the notice and opt in period are complete, the Court will have the benefit of knowing the actual makeup of the collective action. Thus, early notice will help the court to manage the case because it can "ascertain

the contours of the action at the outset." *Sperling,* 493 U.S. at 172-73.

**The Issuance of Notice is Proper in this Case**

22.    The Amended Complaint in this case provides substantial allegations regarding the violations of the FLSA at issue in this case.   Lentz describes Defendants' actions, explains why these actions constitute violations of the FLSA, and cites to the specific portion of the FLSA at issue.  Given the detailed nature of the Complaint, this Court would be justified in approving notice based solely on the pleadings in this case.   Plaintiff also attaches an affidavit to this Motion further detailing the factual allegations that support this Motion.  *See* Exhibit A.

23.    Accordingly, notice is properly sent to:

"All waitstaff who were employed by Defendants Spanky's Restaurant II, Inc. d/b/a Double Nickel Steakhouse and Lady West Enterprises, Ltd., d/b/a Double Nickel Steakhouse (collectively referred to as "Double Nickel") and who performed services for Double Nickel during the time period of December 26, 2003 to the present."

**Plaintiff is Entitled to Obtain a List of all Potential Class Members**

24.    In order to facilitate timely and orderly notice to all Potential Class Members, Lentz requests this Court to compel Defendant to furnish Plaintiff with a list of all potential class members.  Discovery of this information is permitted.  See *Sperling,* 493 U.S. at 170; *Woods v. New York Life Ins. Co.,* 686 F.2d 578, 581 (7th Cir. 1982); *Johnson v. American Airlines, Inc.,* 531 F. Supp. 957, 960-61 (N. D. Tex. 1982).

25.    Based upon the foregoing, Lentz requests that the Court authorize the

notice attached hereto as Exhibit C to all waitstaff who were employed by Defendant and who performed services for Defendant during the time period of December 26, 2003 to the present.

## E. CONCLUSION

26.    Defendant has violated the FLSA with respect to Lentz and other similarly situated employees. Lentz provided both substantial allegations and factual support demonstrating the propriety and need for notice to the potential class members. Accordingly, Lentz respectfully requests that the discovery requested be granted in an expedited manner and that the court authorize dissemination of the suggested notice to potential members of this collective action in an expedited manner, and that Lentz receive such other and further relief to which he and such other plaintiffs may be justly entitled.

Respectfully submitted,

By:    /s/ Albert T. Van Huff
ALBERT T. VAN HUFF
Texas Bar No. 24028183
Northern District No. 24028183
1225 North Loop West, Suite 640
Houston, Texas  77008
Tel. (713) 880-2992
Fax (713) 880-5297

ATTORNEY FOR PLAINTIFF
EDWARD LENTZ

OF COUNSEL:

MONSHAUGEN & VAN HUFF, P.C.
1225 North Loop West, Suite 640
Houston, Texas  77008
Tel. (713) 880-2992
Fax (713) 880-5297

### Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing document was forwarded to counsel for Defendant via electronic filing on the 26th day of March, 2007.

/s/ Albert T. Van Huff
ALBERT T. VAN HUFF

### Certificate of Conference

The undersigned hereby certifies that he conferred with opposing counsel on the 8th day of March, 2007 regarding the foregoing motion and that he stated he was unopposed to the motion.

/s/ Albert T. Van Huff
ALBERT T. VAN HUFF
